GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation
MERLE C. MEYERS, ESQ. CA Bar #66849
KATHERINE D. RAY, ESQ. CA Bar #121002
KATHY L. QUON, ESQ. CA Bar #213156
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Plaintiff,
John Van Curen, Trustee

FILED
2005 APR 21 AM 10: 33
CLERK, U.S. BANKRUPTCY CT.
EASTERN DIST. OF CA.
SACRAMENTO, CA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 04-32497 |
| MICHAEL HAT, aka MICHAEL HAT FARMING COMPANY, | Chapter 11 |
| Debtor. | |
| JOHN VAN CUREN, TRUSTEE, | A.P. No. 04-2446 |
| Plaintiff, | |
| vs. | |
| SEVENFOLD, LLC, | |
| Defendant. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A trial was held in the above action on September 20, 2004 before the undersigned bankruptcy judge. Appearances were made as noted in the record of this Court.

Pursuant to the provisions of Federal Rule of Civil Procedure 52(a), made applicable herein pursuant to the provisions of Federal Rule of Bankruptcy Procedure 7052, the Court makes the following findings of fact and conclusions of law:

RECEIVED
April 14, 2005
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000151681

## FINDINGS OF FACT

1. On or about June 1, 1995, Michael Hat aka Michael Hat Farming Company (the "Debtor") entered a Lease Agreement (the "Debtor-Grapeco Lease") with Grapeco, Inc., a California corporation ("Grapeco"), pursuant to which Grapeco leased from the Debtor certain real property and improvements located at 31754 Avenue 9 in the County of Madera, State of California commonly known as the Grapeco Facility.

2. The Debtor-Grapeco Lease provided for a ten-year term and base rent of $40,000.00 per month.

3. On or about May 1, 2000, Grapeco entered into a Sublease Of Real Property And Sublease Of Personal Property (the "Grapeco-Lighthouse Sublease") with Lighthouse Coastal Merchants, LLC, a California limited liability company owned by the Debtor ("Lighthouse"), pursuant to which Grapeco leased a portion of the Grapeco Facility to Lighthouse.

4. The Grapeco-Lighthouse Sublease provided for a five-year term and rent of $10,000.00 per month for the first three months, $25,000.00 per month for the next three months, and $50,000.00 per month for the remainder of the term.

5. On or about May 16, 2002, Lighthouse entered into a Sublease Of Real Property And Sublease Of Personal Property (the "Lighthouse-Defendant Sublease") with the Defendant, pursuant to which Lighthouse subleased a portion of the real and personal property subleased under the Grapeco-Lighthouse Sublease (the "Subject Premises") to the Defendant.

6. The Lighthouse-Defendant Sublease provided for a term of five years and rent of $10,000.00 per month for the first three months, $25,000.00 per month for the next three months, and $50,000.00 per month for the remainder of the term.

7. The rent to be paid by Defendant under the Lighthouse-Defendant Sublease was intended to cover the rent which Grapeco was required to pay to the Debtor under the Debtor-Grapeco Lease, as well as the cost of utilities and water which were incurred at the Grapeco Facility as a result of Defendant's operations thereat.

8. The Defendant occupied the Subject Premises beginning in May 2002 until it vacated the Subject Premises in early 2004, following Plaintiff's sale of the Grapeco Facility to E&J Gallo

FINDINGS OF FACT AND CONCLUSIONS OF LAW
89699.DOC

("Gallo") in December 2003.

9. During its occupancy of the Subject Premises, Defendant conducted a water bottling operation at the Subject Premises.

10. Defendant ceased paying any rent or other amounts for the Subject Premises beginning in January 2003, despite written demands by Lighthouse.

11. In 2003, a state court receiver (the "Receiver") was appointed over certain assets of Grapeco.

12. The Receiver operated the Grapeco Facility through July 2003.

13. After July 2003 through December 2003 when the Grapeco Facility was sold, Defendant conducted the only operations at the Grapeco Facility.

14. Plaintiff paid $62,225.12 in utility expenses for the Grapeco Facility during the months of August through December 2003.

15. Based on the testimony of Timothy Holt, the former operations manager of the Grapeco Facility throughout 2003, the additional utility and water expenses incurred at the Grapeco Facility as a result of Defendant's water bottling operations amounted to $10,000.00 per month.

16. $10,000.00 per month represents the fair value and rent equivalent for Defendant's use and occupancy of the Subject Premises during the period beginning August 2003 through December 2003.

17. $10,000.00 per month represents the amount of additional utility and water expenses incurred by the Debtor's estate as a result of Defendant's use and occupancy of the Subject Premises during the period August through December 2003.

## CONCLUSIONS OF LAW

A. Plaintiff has been damaged in the total amount of $100,000.00 as a result of Defendant's use and occupancy of the Subject Premises in 2003.

DATED: APR 20 2005

*/s/ Thomas C. Holman*
THE HONORABLE THOMAS C. HOLMAN
United States Bankruptcy Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW
89699.DOC